# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-146V
### Filed: February 4, 2016
### To be published

* * * * * * * * * * * * * * * * * * * * * * * * *

DOROTHY GRAY,                         *
                                      *
                    Petitioner,       *          Motion to Dismiss; Statute of Limitations;
v.                                    *          Equitable Tolling; Mental Incapacity;
                                      *          Bickerstaff syndrome.
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                    Respondent.       *
                                      *

* * * * * * * * * * * * * * * * * * * * * * * * *

<u>Andrew Downing</u>, Van Cott & Talamante, Phoenix, AZ, petitioner.
<u>Ann Martin</u>, United States Department of Justice, Washington, DC for respondent.

## ORDER DENYING MOTION TO DISMISS[1]

Gowen, Special Master:

On February 18, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that as a result of receiving a seasonal influenza ("flu") vaccination on October 10, 2011, she suffered neurological symptoms later diagnosed as Bickerstaff Syndrome. Petition at ¶ 2, 16, docket no. 1, filed Feb. 18, 2015. Petitioner alleged that the onset of her neurological symptoms was on November 18, 2011, when she felt dizzy and weak, experienced

---

[1] Because this ruling contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

slurred speech, and became ataxic. *Id.* at 3. The petition alleged that the petitioner experienced a period of mental incapacity lasting from December 2011 to May 2012, secondary to this disease. *Id.* at Preamble, ¶ 19.

In view of the alleged onset of her vaccine injury, petitioner's claim was filed three months after the statute of limitation period. *See* § 16(a)(2) (stating "no petition may be filed for compensation . . . after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset . . . . of such injury"). Nevertheless, petitioner contended that from December 2011 until May 2012, she was "unable to engage in rational thought" which prevented her from "managing her affairs and thus from understanding her legal rights and acting upon them." Petition at Preamble. Petitioner further contended that "she is able now to understand the procedure for filing a petition and seeking relief for her injuries caused by the influenza vaccination . . . with the assistance of counsel." *Id.* at ¶ 19 (capitalization removed without indication). Petitioner filed an affidavit from her adult daughter, Vanessa Randolph, in support of her allegations. *See generally* Petitioner's Exhibit ("Pet. Ex.") 1, docket no. 7, filed Mar. 23, 2015.

On April 2, 2015, a telephonic status conference was convened. During the status conference, petitioner's counsel argued that the statute of limitations should be tolled based on petitioner's mental incapacity for several months. In light of the fact that the law is not settled as to whether equitable tolling on the basis of mental incapacity is available under the Vaccine Act, the undersigned ordered the parties to brief that issue. Specifically, I ordered respondent to file a motion to dismiss on the grounds that the claim is barred under the statute of limitations, and for petitioner to file a response to respondent's motion. *See* Scheduling Order, docket no. 9, filed Apr. 3, 2015. Respondent was afforded thirty days thereafter for a reply. The parties were advised to set aside any potential factual issues, accepting for purposes of this motion the averments in the petition, and to specifically address whether mental incapacity can form the basis for equitable tolling in the Program as a matter of law.

On April 21, 2015, petitioner filed a notice of additional authority, providing a decision in *Hodge v. Sec'y of HHS*, No. 09-453, 2015 WL 1779274 (Fed. Cl. Spec. Mstr. Mar. 23, 2015), in which Special Master Moran analyzed the question and concluded that mental incapacity, as defined by the Federal Circuit in *Barrett,* may act to toll the statute of limitations when the petitioner, as in *Barrett,* failed to file as the "'direct result of mental illness that rendered [the petitioner] incapable of rational thought or deliberate decision making . . . or incapable of handling [his] own affairs or unable to function [in] society.'" *Hodge,* at *5-*6. Nevertheless, he granted respondent's motion to dismiss initially finding that the petitioner had not demonstrated such mental incapacity and therefore did not demonstrate the extraordinary circumstance. *Id.* The decision was appealed and on September 9, 2015, Judge Sweeney of the Court of Federal Claims vacated and remanded the special master's order in *Hodge* for the special master to reconsider all of the petitioner's medical records, specifically those documenting his mental health condition.

On April 24, 2015, respondent in this matter filed a motion to dismiss in accordance with the undersigned's order. Petitioner filed a response to respondent's motion on May 18, 2015. Thereafter, in the interest of judicial economy and further elucidation on this issue, I awaited Judge Sweeney's opinion and Special Master Moran's subsequent ruling in *Hodge* on remand. On December 21, 2015, upon a thorough review of the medical records and additional evidence,

Special Master Moran issued a ruling finding that the petitioner in *Hodge* was entitled to equitable tolling on the basis of mental incapacity. *See Hodge v. Sec'y of HHS*, No. 09-453V, 2015 WL 9685916 (Fed. Cl. Spec. Mstr. Dec. 21, 2015).  I find Special Master Moran's reasoning to be persuasive and adopt it in this case.

Accordingly, this matter is ripe for a ruling on respondent's motion to dismiss.

## I.   The Parties' Arguments

### A. Respondent

Respondent argued that, accepting the facts as alleged in the petition, petitioner's claim was untimely filed by three months. Motion to Dismiss at 1, docket no. 11, filed Apr. 24, 2015. Petitioner filed her petition on February 18, 2015, alleging that as a result of a flu vaccination she received on October 21, 2011 she experienced the onset of neurological symptoms on November 18, 2011. According to respondent, under 42 U.S.C. section 16(a)(2) and Federal Circuit precedent in *Cloer v. Sec'y of HHS*, 654 F.3d 1322 (Fed. Cir. 2011), the statute of limitations in Vaccine Act cases begins to run on the date of occurrence of the first symptom or manifestation of onset of the vaccine injury, and that the date of onset "'does not depend on whether [a] petitioner knew or reasonably should have known anything adverse about her condition;'" neither does it depend on "when a petitioner knew or should have known of a connection between an injury and a vaccine." Motion to Dismiss at 2 (citing *Cloer*, 654 F.3d at 1339).

Respondent further argued that a petitioner is not entitled to equitable tolling on the basis of mental incapacity under the Vaccine Act because such an allowance would be incompatible with the language and structure of the Act, as intended by Congress. Motion to Dismiss at 4-6. Respondent acknowledged that "there are many jurisdictions, including the Federal Circuit, which have recognized that there are circumstances in which mental incapacity provides a valid basis on which to toll a limitations period." *Id.* at 3.[3] Nevertheless, respondent argued that (1) the Federal Circuit has never specifically held in a Vaccine Act case that the limitations period can be tolled due to mental incapacity, (2) the language and structure of the Act "empowers the legal representative of a disabled person with the right and obligation to advance [a] Vaccine Act claim," rather than "allowing a period of disability to equate with an 'extraordinary circumstance' that warrants equitable relief from the limitation period," and that (3) even in the case of encephalitis, which has the potential to impact an individual's cognitive abilities, Congress still enacted a limitations period that deliberately ran from the date of onset of the first symptom, as evident in the Vaccine Injury Table. Motion to Dismiss at 4-6. Respondent posited that these considerations clearly point to the fact that equitable tolling on the basis of mental incapacity is inapposite with the Vaccine Act.

---

[3] Respondent cited the Federal Circuit decision in *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004), which held in a veterans' compensation case that mental illness may form a basis for tolling a limitations period if "the failure to file was the direct result of mental illness that rendered [the veteran] incapable of rational thought or deliberate decision making . . . or incapable of handling [his] own affairs or unable to function [in] society." *Id.* at 1321.

Additionally, respondent argued that Special Master Moran's initial analysis in *Hodge* is not persuasive, as it simply assumes "that because the Federal Circuit recognized mental incapacity as a potential grounds to toll the appeal period in a veteran's benefits case, it could potentially apply to toll the statute of limitations in Vaccine Act cases." *Id.* at 6. As a more general consideration, respondent averred that to allow tolling on the basis of mental incapacity in the Vaccine Program could effectively create a "class of petitioners with a limitations period derived from individual circumstances," which, according to respondent, "is clearly disfavored under the reasoning in *Cloer*," and is "antithetical to the scheme designed by Congress and set forth in the Vaccine Act." *Id.* at 7.

## B. Petitioner

Petitioner acknowledged that the petition was filed after the expiration of three years from the initial onset of symptoms of her alleged vaccine injury. Nevertheless, petitioner argued that "Federal Circuit (and, specifically, [Program]) precedent entitled her to equitable tolling of the statute of limitations based on [her] mental incapacity." Petitioner's Response to Motion to Dismiss ("Response") at 1, docket no. 12, filed May 18, 2015. Petitioner argued that under *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004), a veterans' compensation case, the Federal Circuit recognized mental incapacity as a basis to toll a statutorily prescribed 120-day period to appeal a decision from the Board of Veterans' Appeals. Response at 1-2. Additionally, petitioner provided several citations to cases from other circuit courts which found equitable tolling appropriate in instances of a serious medical condition or mental impairment. Response at 4.[4] Based on these cases, petitioner argued that Special Master Moran in *Hodge* followed Federal Circuit precedent as well as persuasive reasoning from other jurisdictions to find that equitable tolling on the basis of mental incapacity is available in this Program. The special master's finding, according to petitioner, indicated that "there is no basis for asserting, as respondent does in its

---

[4] Petitioner argued that:

> In essence, "[e]quitable tolling is generally considered appropriate where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 514 (2d Cir. 2002) (recognizing mental incapacity as a basis for equitable tolling under ERISA); *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995) (holding that mental illness may justify equitable tolling); *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (finding that 29 U.S.C. § 791 may be tolled "if the plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time"); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (holding that mental incapacity is an "extraordinary circumstance" that may warrant equitable tolling); *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998) (holding that the doctrine of equitable tolling "can fairly be read to encompass cases where a plaintiff has been unable to [timely file] because of disability").

Response at 4.

motion, that equitable tolling due to mental incapacity is *not available under any circumstance*." *Id.* at 5 (emphasis in original) (capitalization removed without indication).

Petitioner asserted that, "(1) equitable tolling is available to individuals who show extraordinary circumstance due to mental illness, (2) petitioner's mental illness qualifies as an 'extraordinary circumstance,' and (3) the doctrine of equitable tolling should apply to her claim." Response at 5. Based on the authority which petitioner averred supported her position, petitioner argued that respondent's position is "tenuous," and that her motion to dismiss should be denied. Id.

## II.    Analysis

On the question of whether, under the Vaccine Act and *Cloer*, mental incapacity can present an "extraordinary circumstance" warranting equitable tolling of the Act's statute of limitations, I am persuaded by the reasoning in *Hodge* and adopt its reasoning below. *See generally Hodge*, 2015 WL 9685916; *Cloer*, 654 F.3d at 1322. The first part of the analysis below answers whether petitioners in the Vaccine Program may invoke the doctrine of equitable tolling on the basis of mental incapacity. The second part discusses what petitioners must establish to receive the benefit of equitable tolling based on mental incapacity.

As discussed in *Hodge*, this issue involves several legal questions that are novel to the Program, and so it is appropriate to review Federal Circuit precedent in unrelated matters and other persuasive authority to arrive at a conclusion. Special Master Moran undertook a thorough review of the law to conclude that mental incapacity can provide a basis to toll the Act's statute of limitations, and that the petitioner in *Hodge* established that tolling the statute was equitable in his case. While the undersigned does not reach whether it is appropriate to toll the limitations period for petitioner here, as petitioner has not at this stage provided sufficient evidence to resolve that question, the undersigned does finds that, in accordance with the reasoning in *Hodge*, mental incapacity may be an extraordinary circumstance sufficient to warrant equitable tolling of the Vaccine Act's statute of limitations. Accordingly, respondent's motion to dismiss is **<u>DENIED</u>** to allow further development of the facts as to whether petitioner in this instance was unable to act on her claim due to mental impairment caused by an alleged vaccine-injury.

### A.  Whether petitioners in the Vaccine Program may invoke the doctrine of equitable tolling on the basis of mental incapacity.

The United States Supreme Court in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) "established a presumption that all federal statutes of limitations are amenable to equitable tolling absent provision by Congress to the contrary." *Cloer*, 654 F.3d at 1342 (citing *Irwin*, a case in which a discharged government employee brought an employment discrimination suit against the Department of Veterans Affairs). In *Barrett v. Principi*, 363 F.3d at 1319, the Federal Circuit cited the Sixth Circuit's reasoning that "time limitations may be tolled on equitable grounds not inconsistent with the legislative purpose." (citing *Cantrell v. Knoxville Community Development Corp.*, 60 F.3d 1177, 1179 (6th Cir. 1995)).

The Supreme Court, in *Menominee Indian Tribe of Wisconsin v. United States*, No. 14-510, 2016 WL 280759 (U.S. 2016), reiterated the general requirements for equitable tolling. The unanimous Court held that a litigant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at *4 (citing to *Holland v. Florida*, 560 U.S. 631 (2010)). The Court further clarified that for a circumstance to be sufficiently extraordinary to support equitable tolling it must have been beyond the litigant's control and not the product of the litigant's own misunderstanding or tactical mistake in litigation. *Id.*

Respondent raised the argument, both here and in *Hodge*, that because Congress authorized the legal representative of a disabled person to file a petition, Congress did not intend disabled persons to have the benefit of equitable tolling, as the language and structure of the Act "empowers the legal representative of a disabled person with the right and obligation to advance [a] Vaccine Act claim." Motion to Dismiss at 4-6; *Hodge*, 2015 WL 9685916, at *6. I find that respondent's interpretation of the Act would create a system where an unappointed person, such as a family member, who could qualify as a "legal representative" under the Program, if appropriately appointed by the state court with jurisdiction to do so, would be required (or obligated), even though not legally appointed, to timely file a claim on behalf of a mentally disabled person, even when the disabled person is of the age of majority and thus legally recognized as able to assert his or her own rights.

The Vaccine Act defines "legal representative" as "a parent or individual who qualifies as a legal guardian under State law." 42 U.S.C. § 300aa–33(2). Under *Kennedy v. Sec'y of HHS*, 99 Fed. Cl. 535, 542 (2011), the Court of Federal Claims construed the term "legal representative" to mean that "parents are always viewed as the legal guardian of a son or daughter, whether or not they also qualify as such under state law." Current interpretation of the Vaccine Act is ambiguous as to "whether a parent is a legal representative of a minor child per se, irrespective of state law or whether a parent must simultaneously qualify as a legal guardian under state law to be a legal representative under the Act." *Spates v. Sec'y of Health & Human Servs.*, 76 Fed. Cl. 678, 681 n.1 (2007). Moreover and more relevant to the instant issue, case law interpretation of the Act does not address the issue of initiating litigation on behalf of an incapacitated adult for whom a legal guardian has not been appointed. Nevertheless, persuasive case law reveals the principle that a cause of action accrues only after a legal guardian has been appointed. *See Clifford ex rel. Clifford v. United States*, 738 F.2d 977 (8th Cir. 1984) (finding that a cause of action did not accrue until the subject's father was appointed as guardian and that because the comatose subject was an emancipated adult, "neither his girlfriend nor his family had a legal duty to act on his behalf"); *Miller v. Philadelphia Geriatric Center*, 463 F.3d 266, 273 (3d Cir. 2006) (holding that the plaintiff did not have authority to file a suit on behalf of the decedent while he was alive unless she was appointed his guardian).

Specific to the matter here, given Ms. Gray's five month period of mental incapacity, respondent argues that a representative of Ms. Gray would have had the obligation to file a claim within three years of the onset of symptoms of an alleged vaccine injury even though no legal representative was ever appointed. Absent evidence that Ms. Gray had a legally appointed representative from the State of Illinois, the Vaccine Act does not require an unappointed person to have brought a claim on Ms. Gray's behalf. As in *Hodge*, the undersigned agrees that the text of the Vaccine Act does not suggest that Congress intended to limit the opportunities for disabled

people to bring claims on their own behalf, or to require others to do so absent the other's appointment as a legal guardian. Further, I also agree that this argument is not consistent with the general principle of equity that underlies the equitable tolling doctrine. *See Hodge*, 2015 WL 9685916, at \*5-\*7 (considering the various implications of respondent's argument here).

Respondent also argued that the structure and text of the Act is incompatible with tolling on the basis of mental incapacity because, for example, while creating a Table encephalopathy claim (which recognizes the fact that neurological impairment may be permanent) Congress nevertheless enacted a general limitations period that deliberately starts from the date of onset of the first symptom; and thereby, according to respondent, Congress "reject[ed] a limitations period that would account for the individual factual circumstances of each injured vaccine recipient" in favor of an efficient and simple compensation scheme. Motion to Dismiss at 5. Respondent argued that for the reasons the *en banc* panel in *Cloer* concluded that a discovery rule is inconsistent with the Act's statute of limitations based on the structure and text of the statute, tolling for mental incapacity must also be denied. *Id.* at 5-6.

Respondent's argument is not persuasive. Simply because a Table encephalopathy claim recognizes a possible mental incapacity and is not specifically excepted from the provisions of the general statute of limitations applying to all injuries covered by the Act, does not evidence congressional intent that no equitable considerations can arise with regard to the statute of limitations or that mental incapacity may not be considered. In *Cloer* the Federal Circuit held that equitable tolling could apply in Vaccine Act cases and elucidated two narrow circumstances but did not purport to exclude other circumstances not at issue in the case such as mental incapacity.

There is "a presumption that all federal statutes of limitations are amenable to equitable tolling absent provision by Congress to the contrary," *Irwin*, 498 U.S. at 95-96, and the Vaccine Act is silent as to whether mental incapacity may toll the general statute of limitations. Thus, I conclude, in accord with the principles enunciated in *Barrett* and the holding in *Hodge*, that a petitioner in this Program may be entitled to toll the statute of limitations based upon mental incapacity. "Whether [a petitioner's] request for equitable tolling fulfills the requirement of extraordinary circumstance must be analyzed according to the facts and evidence." *Hodge*, 2015 WL 9685916, at \*7. Ms. Gray is entitled to present evidence to demonstrate that she was mentally incapacitated such that she was either incapable of rational thought or deliberate decision making or incapable of handling her own affairs or to function in society for sufficient time as to render her petition timely filed.

**B. What petitioners must establish to receive the benefits of equitable tolling based on mental incapacity.**

In *Barrett*, the Federal Circuit interpreted veterans' benefits law codified in 38 U.S.C. section 7266(a), to allow equitable tolling based on mental illness. 363 F.3d at 1318. The Federal Circuit stated that to gain the benefit of equitable tolling, "a veteran must show that the failure to file was the direct result of mental illness that rendered him incapable of 'rational thought or deliberate decision making,' . . . or 'incapable of handling [his] own affairs or unable to function [in] society.'" *Id.* at 1321 (citations omitted).

Petitioner averred that *Barrett* supported her position that equitable tolling based on mental incapacity is available in the Vaccine Program. Response at 4-5. While respondent acknowledged that the Federal Circuit has recognized mental incapacity as a valid basis on which to toll a limitations period, respondent argued that the Federal Circuit has never specifically held in a Vaccine Act case that the limitations period can be tolled in this way. Motion to Dismiss at 3-5.

*Cloer*, while not addressing mental incapacity, provided that equitable tolling is available under the Vaccine Act in "extraordinary circumstances." 654 F.3d at 1344-45. Additionally, the Federal Circuit and many jurisdictions recognize mental incapacity as a basis to toll a limitations period. *See, e.g.*, *Bartlett v. Department of the Treasury (I.R.S.)*, 749 F.3d 1 (1st Cir. 2014); *Brown v. Parkchester South Condominiums*, 287 F.3d 58 (2d Cir. 2002); *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999). Based on these considerations, I am persuaded that the test established in *Barrett* is the appropriate test petitioner must satisfy to receive the benefits of equitable tolling. Petitioner must establish that her failure to file a timely claim was a direct result of her five month mental incapacity. In other words, petitioner must establish that for the requisite period of time due to her condition, she was incapable of "rational thought or deliberate decision making," and otherwise "incapable of handling her own affairs," thus resulting in her inability to pursue a Vaccine Act claim within the limitations period. *See Barrett*, 363 F.3d at 1321.

In the event petitioner successfully establishes that she is entitled to equitable tolling, I will utilize the stop-clock approach discussed in *Hodge* to measure the duration of petitioner's disability and corresponding length of time the statute will be tolled. *See Hodge*, 2015 WL 9685916 at *35-*36. Under the stop-clock approach, the statute is tolled for the period of severe mental disability and begins to run again when the petitioner is capable of asserting a claim. The Federal Circuit accepted a stop-clock approach in *Checo v. Shinseki*, 748 F.3d 1373 (Fed. Cir. 2014), a veterans' benefits case in which Ms. Checo became homeless for a period of time during the 120-day appeal period. Ms. Checo received a copy of the adverse decision on which she could appeal within the applicable time permitted to file an appeal, however she filed her appeal thirty-three days after the period had run. *Checo*, 748 F.3d at 1375. In Ms. Checo's case, the Federal Circuit adopted the approach to stop the appeal period for the duration of her extraordinary circumstance, namely her homelessness, and re-start the period after the circumstance abated. *Id.* at 1379.

In *Hodge*, Special Master Moran stopped the three-year period to file a Vaccine Act claim after thirteen months had expired and approximately twenty-three months remained, as Mr. Hodge experienced severe mental illness, including delusions, suicidal ideation, and severe obsessional rituals, for approximately fourteen months. By the time Mr. Hodge filed a vaccine claim in July 2009, ten months had elapsed from when the clock was re-started and thirteen months remained. *Hodge*, 2015 WL 9685916, at *21. Thus, Mr. Hodge received the benefit of tolling.[5]

I have concluded that mental incapacity, if proven, is an extraordinary circumstance beyond the control of the petitioner. In addition, if petitioner is able to demonstrate a five month

---

[5] As stated in *Hodge*, I finds that this approach is consistent with U.S. Court of Federal Claims procedure codified in 28 U.S.C. § 2501, which provides that a claim may be filed within three years after a legal disability ceases. *See Hodge*, 2015 WL 9685916, at *21 n. 22.

period of mental incapacity, with the benefit of tolling she filed her petition approximately two months prior to the running of the statute. If she had suffered no period of mental incapacity, her conduct would have been sufficiently diligent to meet the requirements of the statute had she filed on the last day of the limitations period. Accordingly, if given the benefit of a five month tolling period, she has demonstrated due diligence by filing two months in advance of the expiration of the statute. In this case, if Ms. Gray is able to establish mental incapacity for approximately five months, as she alleges, she will also receive the benefit of tolling and her petition will be considered timely filed.

## III.     Conclusion

Respondent's motion to dismiss is **<u>DENIED</u>**. Petitioner must satisfy her burden of showing that she was mentally incapacitated and that equitable tolling is appropriate in her case. Petitioner is **<u>ORDERED</u>** to file medical records, physician statements and/or expert reports supporting or explaining her period of mental incapacity **by Friday, March 4, 2016**.

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master