# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 13, 2018

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| C. VANESSA RANDOLPH, *as executor of the estate of* DOROTHY T. GRAY, | * * * * | UNPUBLISHED |
| Petitioner, | * * | No. 15-146V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Interim Attorneys' Fees and Costs; Special Master's Discretion. |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Kelly Heidrich, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 28, 2015, C. Vanessa Randolph as executor of the estate of Dorothy T. Gray ("petitioner")[2] filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[3]  The petition alleged that Ms. Gray developed Bickerstaff Syndrome as a result of receiving an influenza ("flu") vaccine on October 11, 2011.  As detailed below, I hereby **GRANT** petitioner's application for an award of interim attorneys' fees and costs.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The claim originally listed Dorothy T. Gray as the petitioner.  After Ms. Gray passed away, her adult daughter Ms. Randolph was appointed as the executor of Ms. Gray's estate and the case caption was changed to reflect her substitution as petitioner.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

**I.   Procedural History**

This matter has been pending for approximately three years. The billing invoices submitted in support of the fee application reveal that attorney Andrew Downing first spoke with Ms. Gray and her adult daughter Ms. C. Vanessa Randolph on February 2, 2015. Pet. Int. App., Tab 1 at 1. Mr. Downing readily identified that the claim related to a vaccine and initial symptoms that occurred more than three years prior, outside of the Vaccine Program's statute of limitations. He and an associate researched the statute of limitations and equitable tolling, prepared Ms. Randolph's statement, and worked to identify other possible witnesses. Mr. Downing and his firm obtained the supporting medical records.

Mr. Downing filed the petition in the Vaccine Program on February 28, 2015. The petition provided that Ms. Gray received the flu vaccine on October 11, 2011; she developed "unprecedented neurological symptoms" on November 18, 2011; and she was rendered "completely unable to engage in rational thought" on December 1, 2011. Ms. Gray was diagnosed with Bickerstaff Syndrome on December 12, 2011. After intensive medical treatment and rehabilitation, Ms. Gray regained some of her mental and physical faculties in May 2012.

On February 4, 2016, I denied respondent's first motion to dismiss. My ruling was that petitioners in the Vaccine Program may invoke the doctrine of equitable tolling on the basis of mental incapacity, but petitioner had to file additional documentation demonstrating that she was mentally incapacitated and that equitable tolling was appropriate in her case. (ECF No. 15). Petitioner subsequently filed additional medical records and statements from several of her treating physicians during the time in question.

On October 17, 2016, I denied respondent's second motion to dismiss, ruling that the information provided by petitioner established a four-month period of mental incapacity, which permitted equitable tolling of the statute of limitations. Thus, petitioner's claim was timely filed. (ECF No. 17).

Respondent then elected to proceed on a litigation track. On December 13, 2016, I ordered the parties to file expert reports. Sadly, Ms. Gray passed away on December 17, 2016. On January 24, 2017, Mr. Downing filed a motion to change the case caption to substitute Ms. Gray's daughter, Ms. Randolph, as petitioner. (ECF No. 38). I ordered Mr. Downing to provide evidence of Ms. Randolph's authority to represent her mother's estate, which would be required to substitute Ms. Randolph as petitioner. (ECF No. 41). Mr. Downing began consulting with an Illinois probate attorney on February 2, 2017. *See* Pet. Int. App., Tab A at 9. On his first attempt, he filed an agreement establishing an *inter vivos* trust for Ms. Gray as well as Ms. Gray's last will and testament. (ECF No. 42). I ordered that these documents did not establish that Ms. Randolph was the legal representative of Ms. Gray's estate.

Mr. Downing promptly discussed the undersigned's concerns with the Illinois attorney and with Ms. Randolph. Pet. Int. App., Tab A at 9-10. On February 12, 2017, he paid the Illinois attorney to establish Ms. Gray's estate and to appoint Ms. Randolph as its legal representative. *Id.* at 59. On March 28, 2017, Mr. Downing filed proof of the same and I ordered that the case caption should be amended. (ECF Nos. 50-51).

On February 13, 2017, petitioner filed a neurologist's opinion that the vaccine caused her injuries. (ECF No. 45). Respondent filed another neurologist's response on April 18, 2017. (ECF No. 54). During a Rule 5 status conference on May 10, 2017, the undersigned identified various questions to be addressed in supplemental reports. (ECF No. 56).

On July 13, 2017, petitioner filed a status report clarifying that she would not be submitting an Amended Petition alleging that the vaccine caused or substantially contributed to Ms. Gray's death. (ECF No. 57). Petitioner filed her neurologist's supplemental report on July 25, 2017. (ECF No. 60). Respondent filed their neurologist's supplemental report on September 29, 2017. (ECF No. 63).

On October 31, 2017, the undersigned convened a status conference, in which he encouraged the parties to resolve the case informally. (ECF No. 64). Petitioner conveyed a demand on November 10, 2017. (ECF No. 66). On January 16, 2018, respondent indicated that settlement negotiations were not appropriate at that time and requested that the Court schedule an entitlement hearing/ (ECF No. 70). The undersigned intends to discuss further proceedings during a status conference scheduled to take place on February 26, 2018.

On January 9, 2018, Mr. Downing made a billing entry indicating that respondent would not be able to settle the case. Thus, on January 11, 2018, he filed an application for an interim award of attorneys' fees and costs. The application requests $56,941.00 in attorneys' fees (for Mr. Downing, his associates, and his paralegals). It also requests $21,444.87 in attorneys' costs (including the costs of compensating local counsel and the expert neurologist, filing the claim, obtaining medical records, copies, and postage). Thus, he requests a total interim award of $78,386.37. *See generally* Petitioner's Application for Interim Attorneys' Fees and Costs ("Pet. Int. App."), filed January 11, 2018 (ECF No. 69).

On January 29, 2018, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 45). "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for interim attorneys' fees and costs award, as set forth in *Avera v. Secretary of Health and Human Services*, 515 F.3d 1345 (Fed. Cir. 2008)." *Id.* at 2. "Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. This matter is now ripe for review.

## II.  Interim Attorneys' Fees and Costs

Section 300aa-15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 300aa-15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). Respondent does not address whether these requirements are met. Based on my review and the lack of objection from respondent, I find that this claim was brought in good faith and on a reasonable basis.

3

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "*the claimant* establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375 (emphasis added). In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.

I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until the condition is resolved or until an entitlement hearing has occurred. But ultimately, there are many factors bearing on the merit of an interim fee application and I evaluate each one on its own merits.

I find that an interim award is appropriate here. The claim was filed over 3 years ago. Mr. Downing and his firm have accumulated well over $30,000 in fees, partially based on their determination that the claim merited equitable tolling and their successful defense of respondent's two motions to dismiss. They have also accumulated more than $15,000 in costs, which primarily stems from an expert who has significant experience in the Vaccine Program and has prepared two competent reports in support of petitioner's claim. The undersigned has recommended informal resolution of this claim, which respondent has declined at this time. Thus, this case is likely to proceed on the litigation track. Whether the parties elect to wait for an entitlement hearing or they request for entitlement to be resolved on the papers, there will be some delay before the case is resolved. Because of the protracted nature of the proceedings to date, the fact that costly expert reports have been obtained, and the fact that the case will not be ultimately resolved for a significant time, I find that it is appropriate to award interim attorneys' fees and costs at this time.

### III.   Evaluation of Requested Attorneys' Fees and Costs

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d

1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

      Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).

### A. Hourly Rates

      After a detailed review, I find that the hourly rates requested are generally reasonable.  Mr. Downing, his associates, and his paralegals work at Van Cott & Talamante, PLLC located in Phoenix, Arizona.  They have been repeatedly found to be "in-forum" and therefore entitled to the forum rates I first formulated in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4]  The rates requested for work performed in 2015 – 2017 have repeatedly been awarded by me and other special masters.  *See, e.g.*, *Combs v. Sec'y of Health & Human Servs.*, No. 14-878V, 2017 WL 5378966 (Fed. Cl. Spec. Mstr. Sept. 19, 2017); *Bales v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2016).  I find no reason to depart from these decisions and will award the same rates.

      The interim fee application notes that on January 1, 2018, Mr. Downing increased his hourly rate from $375 to $385.  Pet. Int. App. at 4, n. 1; *see also* Pet. Int. App., Tab A at 12.  This is less than a 3% increase and is well within the appropriate range for an attorney in Mr. Downing's experience category (20 – 30 years).[5]  Based on my experience and my review of Mr. Downing's work, I find that this is a reasonable increase and may be awarded.

      The interim fee application also requests that Mr. Downing's associate Courtney Van Cott's rate be increased from $195 to $205 in 2018.  Pet. Int. App., Tab A at 36-37.  This is also a minimal increase and is within the range for an attorney in her experience category (less than 4 years).  I find that it is reasonable and shall be awarded.

---

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

[5] The *McCulloch* forum rate ranges have not yet been updated for 2018.  However, it is improbable that the ranges would be significantly lower than the 2017 ranges.  Mr. Downing's proposed 2018 rate is well within the 2017 range for an attorney of his experience, so I find it appropriate to award in this case.

### B. Hours Expended

As stated above, a line-by-line evaluation of the fee application is not required and will not be performed. *See Wasson*, 24 Cl. Ct. at 484. Instead, I may rely on my experience to determine a reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. I find that the hours expended in the case are generally reasonable and I find no cause for adjustment.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. In this case, petitioner requests the costs of establishing Ms. Gray's estate, obtaining an expert neurologist's two reports, filing the claim in the Vaccine Program, obtaining medical records, copies, and postage. These costs appear reasonable and adequately documented. Thus, they will be awarded in full.

## IV. Conclusion

Accordingly, I award the following:

1) **A lump sum in the amount of $78,386.37, representing reimbursement for *interim* attorneys' fees, in the form of a check payable jointly to petitioner and her counsel, Andrew Downing of Van Cott & Talamante, PLLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties separately or jointly filing notice renouncing their right to seek review.