# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-146V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| C. VANESSA RANDOLPH, *as executor* of the estate of DOROTHY T. GRAY, | \* \* \* |
| Petitioner, | \* \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* \* |
| Respondent. | \* \* |

Chief Special Master Corcoran

Filed: March 24, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On February 18, 2015, Dorothy Gray filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1 ("Pet."). Petitioner alleged she suffered neurological symptoms, diagnosed later as Bickerstaff Brainstem Encephalitis ("BBE") from her seasonal influenza ("flu") vaccine on October 11, 2011. Pet. at 2. Mrs. Gray then passed away due to other causes on December 17, 2016, at which point her daughter, C. Vanessa Randolph, appeared as Petitioner. Status Report at 1, dated on July 13, 2017 (ECF No. 57).

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

I resolved the claim via ruling on the record and denied entitlement. Decision, dated on Nov. 12, 2021 (ECF No. 99). Petitioner then moved for review on December 13, 2021. Motion, dated Dec. 13, 2021 (ECF No. 101). While the appeal was pending, however, the parties filed a notice of tentative settlement in the matter, followed by a stipulation agreeing to a payment to Petitioner. Stipulation, dated Feb. 23, 2022 (ECF No. 106). After the Motion for Review was deemed moot and the matter remanded, I entered a Decision in the amount agreed upon by the parties. Decision, dated Feb. 28, 2022 (ECF No. 108). Judgment has since been issued.

Petitioner previously requested an interim award of fees and costs in January 2018, and was subsequently awarded $78,386.37. Decision—Interim Attorney's Fees and Costs, dated Feb. 13, 2018 (ECF No. 72). She has now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 16, 2022 (ECF No. 112) ("Final Fees Mot."). Petitioner requests $56,530.11 in additional fees and costs incurred in this matter, for the work of two attorneys, Mr. Andrew D. Downing and Ms. Courtney Van Cott, and one paralegal, "DPA" or Ms. Danielle Avery, reflecting $54,290.00 in attorney fees, plus $2,240.11 in costs. *Id.* at 2. Respondent reacted to the final fees request on March 17, 2022. Response, dated Mar. 17, 2022 (ECF No. 113) ("Response"). Respondent states that the Petitioner has "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and asks that I exercise my discretion in determining a reasonable award for attorneys' fees and costs. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in full.

## ANALYSIS

**I.     Petitioner's Claim was "Successful" and a Final Fees Award is Appropriate**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases—establishing it does not *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

In unsuccessful cases, it is important to determine if, as a threshold matter, the claim possessed reasonable basis before awarding fees. Here, however, such an analysis is unnecessary. Although I did not initially find in favor of Petitioner, that determination resulted in a motion for

2

review that was subsequently settled, producing a payment for Petitioner. Thus, Petitioner has "succeeded" even though the ultimate issue of entitlement was not fully adjudicated. Respondent has otherwise agreed that Petitioner met the statutory requirements required in this case. Response at 2. Therefore, I find no reason in denying fees and shall permit a final award.[3]

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| **Attorney**        | 2018     | 2019     | 2020     | 2021     | 2022     |
|---------------------|----------|----------|----------|----------|----------|
| **Mr. Downing**     | $385.00  | $385.00  | $385.00  | $385.00  | $415.00  |
| **Ms. Van Cott**    | $205.00  | -        | $275.00  | $275.00  | -        |
| **Paralegal**       |          |          |          |          |          |
| **Ms. Avery ("DPA")** | $135.00 | -       | $135.00  | $135.00  | $135.00  |

---

[3] I will add that I would have been prepared to find reasonable basis existed for the claim even had the Court denied the motion for review. And certainly fees would otherwise have been recoverable if my Decision had been overturned.

ECF No. 112-1 at 1–12.

Mr. Downing practices in Phoenix, Arizona—a jurisdiction that has been deemed "in forum." Accordingly, he is entitled to the rates established in *McCulloch*. *See Schultz v. Sec'y of Health & Hum. Servs.*, No. 16-539V, 2020 WL 1987784, at *2 (Fed. Cl. Spec. Mstr. Mar. 25, 2020). The rates requested for Mr. Sadaka are also consistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule and previous interim fees decision in this case as well.[4] *Switzer v. Sec'y of Health & Hum. Sevs.*, No. 18-1418V, 2022 WL 77412, at *4 (Fed. Cl. Spec. Mstr. Jan. 25, 2022). I thus find no cause to reduce them in this instance. And the additional work performed on this matter was reasonably incurred, so I will make no adjustments to the sum requested.

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $2,240.11 in costs, solely reflecting postage charges, legal research charges, and shipping fees. ECF No. 112-1 at 12–13. I find the amount requested to be reasonable and common in the Vaccine Program, therefore they will not be reduced.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion, awarding a total **$56,530.11** reflecting $54,290.00 in attorney's fees and $2,240.11 in costs, in the form of a check made jointly payable to Petitioner and her attorney Mr. Andrew Downing. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 5, 2021).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
